# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KOZAK, | : CIVIL NO. 3:12-CV-1153 |
| Petitioner, | : (Judge Mariani) |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Respondents | : |

## MEMORANDUM

On June 18, 2012, Petitioner Michael Kozak ("Petitioner" or "Kozak"), an inmate presently confined at the State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania, commenced this pro se action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) He challenges his conviction in the Court of Common Pleas of Luzerne County. The Petition is fully briefed and ripe for disposition. For the reasons set forth herein, the Petition will be dismissed without prejudice as a result of Kozak's failure to exhaust his state court remedies.

I.     **Factual Background**

    A.     **Criminal Conviction and Direct Appeal Proceedings**

The circumstances surrounding Kozak's arrest and conviction were summarized as follows in the trial court opinion that was issued following Kozak's direct appeal from his judgment of sentence:

> On May 19, 2006 and May 25, 2006, [Kozak] obtained and sold crack cocaine to a police confidential informant, Daniel Pinkowsky, at Pocono Trailer Court in Plains

Township. [Kozak] did not deny that the transactions took place, but rather, claimed that he was entrapped as discussed in more detail below. The first four counts of which he was found guilty are the drug counts for which the entrapment defense was raised. The fifth count, fleeing or attempting to flee an officer, occurred on May [25], 2006. On that date, a third transaction between [Kozak] and Pinkowsky was scheduled to take place. However, prior to the meeting, [Kozak] coincidentally happened to enter the parking lot at the Sheetz and Dairy Queen on Route 315, where Pinkowsky was meeting with Plains Township Police and drug enforcement agents from the Pennsylvania Attorney General's Office. Upon seeing Pinkowsky with the police, [Kozak] drove his vehicle out of the parking lot over a curb and down an embankment onto Route 315 where he proceeded north until he was apprehended. During the pursuit, [Kozak] was seen throwing yellow baggies out of the driver's side window. Two baggies were recovered and were determined to be crack cocaine.

(Doc. 12-1 at 41-42, Trial Court's 1925(a) Opinion.)

Kozak was convicted by a jury sitting in the Court of Common Pleas of Luzerne County of two counts of possession of a controlled substance, possession with intent to deliver a controlled substance, two counts of delivery of a controlled substance, and one count of fleeing or attempting to elude an officer. (Doc. 12, Response, at 2.) According to the Response, Kozak's first trial ended with his conviction of two counts of possession of a controlled substance, and a hung jury on the remaining counts. (Id.) Kozak filed an appeal to the Pennsylvania Superior Court in which he argued that double jeopardy principles prohibited him from being retried on the remaining charges, but the Superior Court rejected his claims. (Id. at 2-3.) Accordingly, following his second trial, Kozak was convicted of the remaining charges. (Id. at 3.) On December 11, 2008, he was sentenced to a term of incarceration of three (3) to seven (7) years. (Id. at 3.)

Kozak filed a direct appeal from his judgment of sentence with the Pennsylvania Superior

2

Court in which he argued that the Commonwealth had engaged in entrapment and the verdict was against the weight of the evidence. (Id. at 3; Doc. 12-1 at 41-46, Trial Court's 1925(a) Opinion.) On October 5, 2009, the Pennsylvania Superior Court rejected Kozak's claims and affirmed his judgment of sentence. (Doc. 12 at 3; See 137 MDA 2009[1].) Kozak then filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied by Order dated September 8, 2010. (See 786 MAL 2009.[2])

### B. PCRA Proceedings

On December 16, 2010, Kozak filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. (Commonwealth v. Kozak ("Trial Ct. Dockets").[3]) The PCRA Petition raises claims of ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence. (Doc. 1, Petition, at 7-11; Doc. 12 at 3; Doc. 12-1 at 53-56, Commonwealth's App. Br.) For reasons that are not clear from the record, on July 20, 2011, the PCRA Court dismissed the PCRA Petition, but then vacated its Order on August 5, 2011. (Doc. 12 at 3; Trial Ct. Dockets[4].) Even though the PCRA Court vacated its Order denying the

---

[1] See Pennsylvania Appellate Courts Docket Sheets, available through Pennsylvania's Unified Judicial System Webportal, http://ujsportal.pacourts.us/docketsheets/appellate.aspx

[2] See supra n.1.

[3] See Pennsylvania Common Pleas Courts Docket Sheets, Commonwealth v. Kozak, CP-40-CR-0003063-2006; CP-40-CR-0003064-2006; and CP-40-CR-0002559-2006, available through Pennsylvania's Unified Judicial System Webportal, http://ujsportal.pacourts.us/DocketSheets/CP.aspx

[4] See supra n.3.

3

PCRA Petition such that the PCRA Petition remained pending in that Court, on August 26, 2011, Kozak filed a Notice of Appeal from the July 20, 2011 Order denying the Petition to the Pennsylvania Superior Court. (Doc. 12 at 3; 1633 MDA 2011.[5]) In a Judgment Order filed on April 11, 2012, the Pennsylvania Superior Court quashed Kozak's appeal based upon the fact that the Order from which he appealed had been vacated, and there had been no subsequent trial court order disposing of Kozak's PCRA Petition, and thus there was no final order from which Kozak could appeal. (See Doc. 12-1 at 1-2, 4/11/12 Pa. Super. Ct. Judgment Order.) In a footnote, the Superior Court noted that the trial judge who had entered the July 20 and August 5 Orders no longer was on the Luzerne County bench and therefore stated that "[t]he administrative judge of the Court of Common Pleas of Luzerne County, Criminal Division, should timely reassign this case so an order properly disposing of Kozak's petition can be entered." (Id. at 2 n.3.)

A review of the Trial Court Dockets reveals that, as of this date, the PCRA Petition remains pending before the Court of Common Pleas of Luzerne County. (Trial Ct. Dockets.[6]) On May 1, 2012, a Supplementary PCRA Petition was filed by Kozak. (Id.) By Order entered by Judge Tina Polachek Gartley on July 3, 2012, Attorney Allyson Kacmarski was appointed to represent Kozak in his PCRA proceedings. (Id.) The docket also reflects that, on July 13, 2012, which was after the filing of the instant Petition on June 18, 2012, Kozak filed a Second Motion for Post-Conviction Relief. (Id.) A notation on the docket states that the Motion was forwarded to Judge William H.

---

[5]See supra n.1.

[6]See supra n.3.

4

Amesbury. (Id.)

## II. Discussion

### A. Exhaustion Requirement

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the

facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[7] O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see also Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. Id. However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997)).

In the instant Petition, Kozak raises the following grounds:

1) Entrapment;
2) The verdict was against the weight of the evidence;
3) Double Jeopardy;
4) Police & Prosecution Misconduct;

---

[7]Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

>       5) Conspiracy of the CI [Confidential Informant];
>       6) Deliberate Delay, Due process, ineffective assistance of counsel

(Doc. 1 at 5-11.)

Kozak asserts that he exhausted his first issue in his direct appeal, and that while his second issue was raised on direct appeal, it was deemed waived because his attorney did not preserve it properly. (Id. at 5, 7.) However, Kozak indicates that he has raised his second isue in his PCRA Petition. (Id. at 7.) With respect to his third issue concerning double jeopardy, Kozak states, "The P.D.'s Office would not authorize proceedings to the Supreme Court." (Id. at 8.) However, in the Response to the Petition, Respondents indicate that, in his appeal to the Pennsylvania Superior Court following his first trial, Kozak argued that double jeopardy principles prohibited him from being retried on the charges for which there had been a hung jury. (See Doc. 12 at 2-3.) Thus, it appears that Kozak's third issue also was exhausted in direct appeal proceedings, and to the extent it has not been exhausted, Kozak states that it has been raised in his PCRA Petition. (See Doc. 1 at 8.) With respect to the remaining issues raised by Kozak in the instant Petition, he indicates that he has raised them in his PCRA Petition. (Id. at 10-11.) Thus, the only issue that clearly has been exhausted is Kozak's first issue. The remaining issues have been raised in Kozak's pending PCRA Petition, and therefore must be reviewed by the state court before this Court may review them in the context of a federal habeas petition.

## B.   Exceptions to the Exhaustion Requirement

Unless an exception applies, we must allow the state courts to dispose of unexhausted

7

claims before we consider them in the context of federal habeas review. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986). In his Reply, Kozak may be arguing that exhaustion of state court remedies should be excused in this case based upon a delay in his PCRA proceedings such that we would review the instant Petition on the merits. (See Doc. 13.)

In his Reply (Docs. 13, 14)[8], Kozak argues that his arrest and conviction were unjust and that "wasting anymore time in the state court would be a continued injustice, at very best, my sentence would most likely be served." (Id.) He also suggests that the trial court is a "corrupt organization" and attributes the PCRA judge's action in denying his petition to "pressure from within the Luzerne County Court system." (Id.) He states that, after the Pennsylvania Superior Court quashed his appeal, he inquired about the status of his PCRA Petition and never received an answer and was unsuccessful in finding out which judge has been assigned to his case. (Id.) Kozak also suggests that "[t]he lower court is preying on [his] inability to submit a properly formed argument" and asserts that both of his trials were unfair. (Doc. 14 at 1.) He also argues that the

---

[8]Kozak has filed two documents that could be construed as his Reply (Docs. 13, 14). In light of his pro se status, we shall construe both documents as his Reply.

8

state court's decision was an unreasonable determination based upon the facts and that it was contrary to state law. (Id. at 1.)

We construe Kozak's arguments as invoking the first and third exceptions to the exhaustion requirement concerning futility of the state corrective process and "inordinate delay." We discuss these arguments in turn.

Excusing exhaustion on the basis of futility is appropriate only where a petitioner has no viable opportunity to obtain redress in the state court, or if the corrective process is so deficient as to render futile any effort to obtain relief. Duckworth v. Serrano, 454 U.S. 1 (1981). In the instant case, where Kozak has a timely PCRA Petition pending in state court, a new judge has been assigned to dispose of that petition, and counsel has been appointed to represent Kozak in those proceedings, Kozak cannot meet the stringent requirements to obtain premature federal review of his claim under the futility exception.

With respect to the "inordinate delay" exception, we are guided by the following controlling authority. In Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986), the United States Court of Appeals for the Third Circuit found the passage of thirty-three (33) months between the filing of the petitioner's post-conviction relief petition and his filing of a habeas petition in federal court to be "inordinate" so as to excuse the exhaustion requirement and to require the district court to entertain the habeas petition on the merits. Subsequently, in Cristin v. Brennan, the Third Circuit observed that the thirty-three (33) month delay in Wojtczak "remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." 281 F.3d 404, 411

(3d Cir. 2002). In Cristin, the Third Circuit found the twenty-seven (27) month delay between the filing of a PCRA petition and a federal habeas petition to be insufficient to constitute an "inordinate" delay. Id. In reaching that conclusion, the Cristin Court compared the progress of litigation in Wojtczak, observing that "only marginal progress had been made during the thirty-three month pendency of the PCRA petition", with the progress in Cristin, where oral argument had occurred and a hearing had been scheduled, but subsequently was waived. Id. The Cristin Court then observed that, "While we much prefer that the PCRA process advance more expeditiously, we do not find its delay to have rendered relief for Cristin 'effectively unavailable.'" Id.

Based on the foregoing, and for the reasons that follow, we cannot characterize the delay that has occurred in the instant case as "inordinate." Where the twenty-seven (27) month delay that occurred in Cristin was found by the Third Circuit to be insufficient to excuse exhaustion, we find that the significantly shorter eighteen (18) month period that elapsed between Kozak's filing of his PCRA Petition on December 16, 2010, and his filing of the instant Petition on June 18, 2012, does not qualify as "inordinate." Moreover, in considering the overall progress of the PCRA proceedings as the Third Circuit did in Cristin, we note that, while the PCRA Court apparently made a procedural error in denying the PCRA Petition on July 20, 2011, it corrected the error within a relatively short time period when on August 5, 2011, it vacated its Order. The delay that occurred between August 26, 2011, the date Kozak filed an appeal, and April 11, 2012, the date the Superior Court quashed the appeal, only can be attributed to Kozak, who chose to file an appeal from an Order that had been vacated. Further, it is significant that, following the remittal of the record from

10

the Superior Court to Luzerne County, on July 3, 2012, counsel was appointed for Kozak in his PCRA proceedings, and that Kozak's Second PCRA Petition, which he filed on July 13, 2012, was forwarded on that date to Judge Amesbury, who now is the Judge assigned to the case. Where counsel has been appointed, and a new Judge has been assigned in accordance with the Superior Court's directive in its April 11, 2012 Order, this Court anticipates that there will be no further "delay" in the state court's review of the issues presented in Kozak's PCRA Petition. We therefore cannot classify the delay that has occurred as "inordinate."

Further, even if we found an inordinate delay in Kozak's PCRA proceedings, that finding alone would not justify excusing exhaustion. Instead, the burden would shift to Respondents to explain why exhaustion still should be required. See Story, 256 F.3d at 405. Typically, this burden is satisfied where there is evidence that the once-delayed or dormant state court proceedings have resumed and are again moving forward. See, e.g., Cristin, 281 F.3d at 411 (stating "our cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume"); Walker v. Vaughn, 53 F.3d 609, 615 (3d Cir. 1995) ("As a matter of general practice, we assume that a district court which has excused exhaustion but has not yet embarked upon proceedings of substance will stay its hand once there is reliable evidence that the state action has been reactivated."). In the instant case, Respondents have demonstrated that activity has not been halted in Kozak's PCRA proceedings inasmuch as counsel has been appointed and a new Judge has been assigned. As such, Respondents have met their burden of

showing that exhaustion still should be required, and we therefore may not excuse exhaustion so as to review the instant Petition.

### C. Mixed Petitions

Where a petition is "mixed"- *i.e.* it contains both exhausted and unexhausted claims- and it is apparent that the petitioner is able to fully exhaust his state remedies on claims presented in his mixed petition before the one-year statute of limitations for filing a federal habeas petition expires, the dismissal of the mixed petition without prejudice to allow the petitioner to return to state court and totally exhaust his claims is appropriate. Rose v. Lundy, 455 U.S. 509, 510 (1982). In the event that a petitioner may not have sufficient time remaining on the statute of limitations, it may be appropriate to stay the proceedings pending exhaustion of state court remedies rather than to dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). To determine the appropriate course of action here, we shall consider the time remaining on the one-year statute of limitations in this case.

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in § 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The time for seeking review includes the ninety (90) day period during which a petitioner may file a petition for writ of certiorari with the United States supreme Court. See U.S. Supreme Court Rule 13; Kapral v. United States, 166 F.3d

565, 571-71 (3d Cir. 1999). The limitations period also is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit has clarified that "[b]ecause we believe the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, we also believe 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000).

In the instant case, we can dismiss the instant petition rather than stay it because, where Kozak's Judgment of Sentence became final on December 7, 2010, which was ninety (90) days after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on September 8, 2010, and Kozak filed his PCRA Petition on December 16, 2010, only nine (9) days have elapsed on the one (1) year statute of limitations period to file a § 2254 petition in federal court. Moreover, because Kozak's PCRA Petition, filed on December 16, 2010, was timely, the limitations period to file a federal habeas petition has been tolled since that date and will not begin running again until the conclusion of PCRA proceedings in state court, including the disposition of any appeals, or the expiration of the time period to file any appeals. See 28 U.S.C. § 2244(d)(2); Swartz, supra, 204 F.3d at 424. Consequently, Kozak will have sufficient time to re-file a federal habeas petition following his exhaustion of state court remedies.

## III. Conclusion

For the foregoing reasons, we shall dismiss Kozak's Petition without prejudice to his ability to re-file it after he exhausts his state court remedies. An appropriate Order will issue on today's date.

_____
Robert D. Mariani
United States District Judge